IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>THE ESTATE OF SHANE KELLY ABBOTT, SR.<br>Debtor | BK. No. 18-11587-amc<br><br>Chapter No. 13 |
| HATBORO FEDERAL SAVINGS<br>Movant | 11 U.S.C. §362 & §1301 |
| v.<br>THE ESTATE OF SHANE KELLY ABBOTT, SR.<br>Respondent | |

### ORDER MODIFYING §362 & §1301 AUTOMATIC STAY

**AND NOW,** this        day of                    , 2018 at **PHILADELPHIA**, upon Motion of **HATBORO FEDERAL SAVINGS** (Movant), it is:

**ORDERED AND DECREED:** that Movant shall be permitted to reasonably communicate with Debtor and Debtor's counsel to the extent necessary to comply with nonbankruptcy law; and it is further;

**ORDRED** that Relief from the Automatic stay as provided under 11 U.S.C. §362 & §1301 is granted with respect to 319 MAPLE STREET, WARMINSTER, PA 18974 (hereinafter the Premises) (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors or assignees, to proceed with its rights under the terms of said Mortgage; and it is further;

**ORDERED** that relief from any co-debtor stay (if applicable) is hereby granted; and it is further;

**ORDERED** that Rule 4001(a)(3) is not applicable and **HATBORO FEDERAL SAVINGS** may immediately enforce and implement this Order granting Relief from the Automatic Stay; and it is further;

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.

_____
ASHELY M. CHAN, BANKRUPTCY JUDGE

1169977-1